IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 06-00080 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT ETHAN |
| | ) | MOTTA'S MOTION FOR |
| vs. | ) | RECONSIDERATION OF ORDER |
| | ) | DENYING DISCOVERY REQUESTS |
| ETHAN MOTTA (05), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT ETHAN MOTTA'S MOTION FOR RECONSIDERATION OF ORDER DENYING DISCOVERY REQUESTS**

**I.      INTRODUCTION.**

Defendant Ethan Motta filed multiple motions seeking discovery to support his motions for a new trial.  Because Motta failed to show any entitlement to such discovery, all of the discovery-related motions were denied.  Motta now seeks reconsideration of that order.  Because Motta fails to establish any reason to reconsider the order, the motion for reconsideration is denied.

**II.     BACKGROUND.**

On March 20, 2009, a jury convicted Motta of Counts 1 (substantive RICO), 2 (RICO conspiracy), 3 (illegal gambling business), 6 (violent crime in aid of racketeering--murder of Lepo Taliese), 7 (violent crime in aid of racketeering--murder of Romelius Corpuz, Jr.), and 8 (violent crime in aid of racketeering--attempted murder of Tinoimalo Sao) of the Second

Superseding Indictment. Motta received a life-in-prison sentence, as required by statute.

Motta appealed. On January 10, 2012, the Ninth Circuit Court of Appeals affirmed the judgment.

In connection with a slew of motions for a new trial, which are still pending, Motta filed five motions concerning discovery. See ECF Nos. 1360, 1375, 1379, 1383, and 1386. All of these discovery-related motions were denied. See ECF No. 1430. Motta moves for reconsideration of that order. See ECF No. 1434.

**III.    LEGAL STANDARD.**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); United States v. Martin, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases"); United States v. Mendez, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008) (ruling on a motion seeking reconsideration of an order denying a defendant's request that the government be directed to provide a

list of its potential witnesses at trial); United States v. Hector, 368 F. Supp. 2d 1060, 1063 (C. D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007) (ruling on a reconsideration motion regarding an order denying a motion to suppress).

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." Mendez, 2008 WL 2561962, at *2 (citing Hector, 368 F. Supp. 2d at 1063, and Fiorelli, 337 F.3d at 286). In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. See id. (applying the standard governing Rule 60(b)); Hector, 368 F. Supp. 2d at 1063 (analyzing a reconsideration motion as a Rule 59(e) motion). Federal Rule of Criminal Procedure 57(b), "Procedure When There is No Controlling Law," states in relevant part, "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend a judgment. Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). A "district court enjoys

considerable discretion in granting or denying" a Rule 59(e) motion.  McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting Federal Practice and Procedure § 2810.1).  See also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion").  A Rule 59(e) motion may be granted on any of four grounds: (1) a manifest error of law or fact upon which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and (4) an intervening change in controlling law.  McDowell, 197 F.3d at 1255 n.1 (quoting Federal Practice and Procedure § 2810.1).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings.  Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

4

>      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Like motions brought under Rule 59(e), Rule 60(b) motions are committed to the discretion of the trial court.  Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

**IV.     ANALYSIS.**

Motta argues that reconsideration of the discovery order is justified by the need to prevent a manifest injustice.  In essence, Motta contends that discovery is necessary because, without it, he will be unable to substantiate his motions for a new trial based on newly discovered evidence that the Government violated its Brady obligations.  According to the Ninth Circuit:

> The state violates its obligations under Brady, and denies a criminal defendant due process of law, where the following three elements are met: (1) the evidence in question was favorable to the defendant, meaning that it had either exculpatory or impeachment value; (2) the state "willfully or inadvertently" suppressed the evidence; and (3) the defendant was prejudiced by the suppression.

Schad v. Ryan, 671 F.3d 708, 715 (9th Cir. 2011) (quoting Strickler v. Greene, 527 U.S. 263, 281-82 (1999)).

Motta's argument that he needs discovery to prove that the Government violated Brady demonstrates that Motta is truly

5

going on a "fishing expedition" in hopes of "landing" some evidence that will support his contention that the Government failed to disclose impeachment and/or exculpatory evidence and that this "new evidence" justifies a new trial.  As discussed in the underlying order, the limited discovery in criminal cases does not allow for such "fishing expeditions":

> See, e.g., United States v. Carvajal, 989 F.2d 170, 170 (5th Cir. 1993) (stating that a petitioner cannot "conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255"); Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) (stating in a § 2254 case that "petitioners are not entitled to go on a fishing expedition through the government's files in the hopes of finding some damaging evidence").  In other words, a defendant's right to Brady material does not include the unsupervised authority to search the Government's files.  Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987).

See ECF No. 1430 at 6.

Much of Motta's motion is based on generalities and does not even attempt to address the requirements for such discovery.  Instead, as Motta concedes, his current claims are based on "complete guesswork and speculation."  See Motion at 6.  Motta's reliance on guesswork and speculation is fatal to his claim for post-conviction and post-appeal discovery, especially given Motta's lengthy laundry list of discovery.  In other words,

Motta fails to establish that he is entitled to any of the discovery he sought.

Even when Motta mentions certain documents by name, for example Detective Sunia's reports or the "Kubo investigation," he makes no showing that those documents contain evidence that is material either to guilt or to punishment.  See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that a prosecutor who suppresses evidence "favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").  See also United States v. Bagley, 473 U.S. 667, 682 (1985) ("The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.").

Moreover, with respect to most of the discovery sought, Motta fails to establish that the information was not already disclosed to his attorneys.  At best, he says that he recently attempted to ask one of the attorneys whether certain information was received, but the request was returned because his counsel had changed addresses.  See Motion at 3.  That conduct is insufficient to support the present reconsideration request, as

7

it does not suggest that the information was withheld from Motta's counsel.

As this court noted in the underlying order, "Because Motta fails to produce any specific evidence that supports his claim that Brady materials were not properly disclosed, no discovery will be permitted." Motta fails to demonstrate any reason to reconsider this ruling. Accordingly, his motion for reconsideration is denied.

The court notes that the Government failed to file an opposition memorandum responsive to the motion for reconsideration. However, the Government's failure is not grounds for granting the motion. The Government opposed the underlying discovery motions, so it does not appear to agree that discovery should be ordered. Moreover, as the movant on the reconsideration motion, Motta must establish entitlement to the relief he seeks, whether opposition is filed or not. If the Government filed a motion that Motta did not respond to, this court would take the same approach. Motta's failure to meet his burden as the movant makes the Government's failure to file an opposition memorandum immaterial.[1]

---

[1] In Motta's motion, he complains that he has not received a written order denying his requests for judicial notice. However, as indicated in the court's Minutes of the hearing of September 26, 2012, those requests were orally denied at the hearing. See ECF No. 1429. This court is not required to prepare a written order.

8

**V.      CONCLUSION.**

The court denies Motta's request for reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 17, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Motta, Crim. No. 06-00080-05; ORDER DENYING DEFENDANT ETHAN MOTTA'S MOTION FOR RECONSIDERATION OF ORDER DENYING DISCOVERY REQUESTS