IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ETHAN MOTTA, | ) | CR. NO. 06-00080 SOM |
|---|---|---|
| Petitioner, | ) ) | ORDER DENYING MOTION FOR REINSTATEMENT OF RULE 33 |
| vs. | ) ) | MOTIONS AND REAPPOINTMENT OF COUNSEL |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

## ORDER DENYING MOTION FOR REINSTATEMENT OF
## RULE 33 MOTIONS AND REAPPOINTMENT OF COUNSEL

Defendant Ethan Motta seeks reinstatement of motions he brought under Rule 33 of the Federal Rules of Criminal Procedure, then withdrew. He also seeks "reappointment of counsel." The court denies his requests and awaits Motta's response to the court's order seeking clarification from him about the timeliness of the motion he filed under 28 U.S.C. § 2255.

Turning first to Motta's request that the court reinstate his motions for new trial, the court notes that it is without authority to do that. Under Rule 33 of the Federal Rules of Criminal Procedure, "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." If the court "reinstated" Motta's previously withdrawn Rule 33 motions, they would be "reinstated" after the 3-year deadline. In short, they would be untimely as of the date of "reinstatement."

Motta's request for "reappointment of counsel" similarly fails. Motta had retained counsel in connection with his Rule 33 motions. This court does not appoint retained counsel. Motta asks in the alternative for counsel to be appointed under the Criminal Justice Act. The court declines to appoint CJA counsel to pursue the Rule 33 motions that are not being "reinstated." The court notes that, as indicated in an order this court filed on April 27, 2012, ECF No. 1371, there is no constitutional right to court-appointed counsel for Rule 33 motions.

The court urges Motta to timely file his response to this court's Order To Show Cause Why Defendant Ethan Motta's § 2255 Petition Should Not Be Dismissed as Untimely. That order invited Motta to present argument and information either about having timely submitted his petition by the deadline of February 19, 2014, or about why, if he did not submit his petition by February 19, 2014, the time for such submission should be equitably tolled (e.g., because he was unable to meet the deadline given circumstances beyond his control). The Clerk of Court is directed to send this order by fax to Motta as well as by mail.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 28, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Ethan Motta v. United States of America; CR. NO. 06-00080 SOM

ORDER DENYING MOTION FOR REINSTATEMENT OF RULE 33 MOTIONS AND
REAPPOINTMENT OF COUNSEL