IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 06-00080 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT ETHAN |
| | ) | MOTTA'S MOTION TO VACATE, SET |
| vs. | ) | ASIDE OR CORRECT SENTENCE |
| | ) | BASED ON ALLEYNE |
| | ) | |
| ETHAN MOTTA (05); | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT ETHAN MOTTA'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE BASED ON ALLEYNE**

Defendant Ethan Motta was convicted of numerous felonies in March 2009, including two counts of murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1). See Verdict Form, Counts 6 and 7, ECF No. 1092. These crimes carried a statutory mandatory minimum term of life in prison (death was not sought by the Government).

On November 30, 2009, the court sentenced Motta to life in prison for Counts 6 and 7, the murder in aid of racketeering activity crimes. See ECF No. 1259.

On January 10, 2012, the Ninth Circuit Court of Appeals affirmed Motta's conviction and judgment. See ECF No. 1341.

Motta sought a writ of certiorari, which was denied by the United States Supreme Court on February 19, 2013. See ECF No. 1455.

On June 17, 2013, the Supreme Court decided <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), which reiterated its decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which held that any fact that increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. <u>Alleyne</u> held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." <u>Alleyne</u>, 133 S. Ct. at 2155.

In January 2014, Motta filed his first motion under 28 U.S.C. § 2255. <u>See</u> ECF No. 1534.

On June 19, 2014, Motta filed the present motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that his life imprisonment sentences for the crimes of murder in aid of racketeering activity as charged in Counts 6 and 7 violated <u>Alleyne</u>.

Because <u>Alleyne</u> was decided after Motta's convictions became final, the court must determine whether <u>Alleyne</u> applies retroactively. It does not. A new rule of constitutional law is not applicable to cases on collateral review unless it is within two narrow exceptions. <u>Saffle v. Parks</u>, 494 U.S. 484, 495 (1990). These exceptions include "new rules that place conduct beyond the power of the government to proscribe . . . [and] watershed rules of criminal procedure." <u>Rhoades v. Henry</u>, 638 F.3d 1027, 1044 n.17 (9th Cir. 2011); <u>see</u> <u>also</u> <u>Teague v. Lane</u>,

2

489 U.S. 288, 307 (1989). Neither of these exceptions applies here.

The Supreme Court did not expressly make its holding in Alleyne retroactive to cases such as Motta's. Although the Ninth Circuit has not addressed the issue, "no court has treated Alleyne as retroactive to cases on collateral review." United States v. Hoon, 762 F.3d 1172, 1173 (10th Cir. 2014); Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) ("neither Alleyne itself nor any later Supreme Court decision holds that Alleyne is retroactive"); In re Mazzio, 756 F.3d 487, 490 (6th Cir. 2014) ("any new rule announced in Alleyne has not been made retroactive to cases on collateral review by the Supreme Court"); United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir. 2014) (reasoning that the Supreme Court did not make Apprendi retroactive and therefore did not intend to make Alleyne retroactive, as it is an extension of Apprendi); United States v. Redd, 735 F.3d 88, 92 (2d Cir. 2013) ("Accordingly, Alleyne did not announce a new rule of law made retroactive on collateral review."); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013). The holding in Alleyne does not apply retroactively to Motta's convictions on Counts 6 and 7, which became final well before the Supreme Court issued its decision in Alleyne.

Motta's motion seeking collateral relief based on Alleyne is therefore denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 14, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


United States of America v. Ethan Motta, et al., Crim. No. 06-00080 SOM/BMK; ORDER DENYING DEFENDANT ETHAN MOTTA'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BASED ON ALLEYNE